78 F.3d 605
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Miriam E. GRIEGO, Petitioner,
v.
DEPARTMENT OF JUSTICE, Respondent.
 No. 96-3021.
 United States Court of Appeals, Federal Circuit.
 Feb. 14, 1996.
Rehearing Denied April 3, 1996.
 
 Before MICHEL, Circuit Judge, SKELTON, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 
 1
 Miriam E. Griego ("Petitioner") appeals the decision of the Merit Systems Protection Board ("Board")[1] dismissing Petitioner's appeal for lack of jurisdiction. Petitioner sought essentially to void her retirement on January 3, 1995 from her position with the Immigration and Naturalization Service ("agency"), and to be allowed to select a Voluntary Separation Incentive Payment (VSIP) buyout announced by the agency on January 27, 1995, several weeks after Petitioner's retirement. We affirm the Board's dismissal of Petitioner's appeal.
 
 DISCUSSION
 
 2
 The Board dismissed Petitioner's appeal for lack of jurisdiction on the ground that Petitioner had retired voluntarily on January 3, 1995, and that the agency had not misled her into doing so. See Covington v. Department of Health and Human Services, 750 F.2d 937, 941-42 (Fed.Cir.1984) (retirement is involuntary, and appealable to Board, if obtained by agency misinformation or deception). The Board found that the agency had not misrepresented to Petitioner the future availability of a VSIP buyout; rather, the agency had informed employees correctly prior to Petitioner's retirement that the Office of Management and Budget (OMB) had denied a VSIP buyout to the agency for the first quarter of fiscal year 1995. The Board further found that "OMB changed its policy after [Petitioner's] retirement, and allowed the [agency] to grant VSIPs as incentive to retire." (emphasis in original). The Board observed that Petitioner "could have remained on the rolls and waited for a possible VSIP until March 1995 or even later, without risk to her, because she was entitled to immediate retirement and could literally retire 'at a moments [sic] notice.' " Under these circumstances, the Board concluded that Petitioner's retirement was voluntary and beyond the Board's jurisdiction.
 
 
 3
 Our review of the Board's decision is limited to determining whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. 5 U.S.C. § 7703(c) (1994). Petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (1995).
 
 
 4
 Petitioner suggests that the agency misled her with regard to the future buyout and asserts that "[t]here are copies of documents which provide evidence that INS had been working on another buyout prior to the expiration of the permitting buyouts [sic]." However, Petitioner has not provided any such documents or other evidence of misrepresentation by the agency. The notices provided by the agency concerning the denial and later authorization of a 1995 VSIP buyout fully support the Board's findings that the agency did not mislead or deceive Petitioner.[2]
 
 
 5
 Despite Petitioner's claim that she would have postponed her retirement had she known of the forthcoming VSIP buyout, she has not challenged the Board's finding that she could have waited to retire, and thereby taken advantage of a later-authorized buyout. Petitioner argues that the agency has allowed INS employees participating in the 1995 VSIP buyout to remain in their jobs until fiscal year 1996, whereas the agency conditioned participation in an earlier buyout on retirement within one month. Petitioner asserts that she would have participated in the earlier buyout if the "delayed retirement option" had been offered then. However, the conditions of a particular buyout option are policy determinations for OMB and the agency, not for the Board or this court. Although Petitioner asserts that the "disparate treatment" of participants in the two buyouts reflects insensitivity to employee morale, she does not demonstrate that the agency somehow misled or coerced her into foregoing the earlier buyout or retiring when she did.
 
 
 
 [1]
 Docket No. BN-0752-95-0205-I-1 (July 19, 1995). The full Board denied Petitioner's Petition for Review and the decision of the Administrative Judge became final. 5 C.F.R. § 1201.113(b) (1995)
 
 
 [2]
 Petitioner cites an unspecified case in which the Board purportedly held that it had jurisdiction over the appeals of Agriculture Department personnel who had retired earlier than they would have done otherwise, as a result of misleading information from the agency regarding a buyout option. We have been unable to locate this case, and in any event, the lack of any misrepresentation by the agency here renders such a case inapplicable